# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MELANIE K. SHARP (NO. 2501)
DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 16, 2009

**BY E-FILE**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re: *B. Braun Melsungen AG & B. Braun Medical Inc.*
       C.A. No.: 09-347 (JJF)

Dear Judge Stark:

    Plaintiffs B. Braun Melsungen AG and B. Braun Medical Inc. ("Plaintiffs") submit this letter to respectfully request this Court to resolve certain discovery disputes. The parties have met and conferred, but have been unable to reach agreement on several discovery issues. We respectfully ask the Court to resolve these issues at the telephonic conference scheduled with the Court for Wednesday, November 18, 2009 at 3:30 pm.

**A.** **Defendants Should Provide Their Non-Infringement Positions Immediately**

    Defendants have recently taken the position that they will not provide even their *initial* non-infringement contentions until December 30th, the deadline for the *completion* of contention interrogatory responses. Defendants' position is untenable in this fast-track case with opening claim construction briefing due just weeks away on December 15th and trial set for July 2010.

    Defendants' current position is inconsistent with its prior positions in seeking supplementation of Braun's infringement contentions. At the September 24th telephonic hearing before Your Honor, the Defendants argued that having Braun provide further detailed infringement contentions would "narrow[] the case and make[] the whole process more efficient, including ... it will make Markman more efficient." (*See* Exhibit A, September 24, 2009 Hearing Transcript at 47). For the same reasons, Defendants' non-infringement positions will similarly narrow issues and make the Markman process more efficient.

    Indeed, although the adequacy of Defendants' non-infringement contentions was not directly before this Court at the September 24th hearing, Your Honor recognized that Defendants should likewise supplement their contention interrogatory responses in this fast track case:

> [T]he adequacy of the defendant's interrogatories responses is not in front of me today, but all is fair, of course. And if the plaintiff puts that issue in front of me, I'll certainly be mindful of the fact that I ordered the plaintiff to make supplements to its responses today.

(*See* Exhibit A, September 24, 2009 Hearing Transcript at 51-52).

Braun's interrogatory seeking Defendants' non-infringement positions was served more than four months ago:

> Describe in detail each factual and legal basis for any contention that Terumo or Terumo Medical does not infringe any claim of the '613 Patent, and identify all evidence (by Bates number or otherwise) and on which you rely for such contentions and all persons on which you rely in support of such contentions. Such detail shall include, without limitation, a claim chart identifying specifically each limitation of each claim that allegedly has not been infringed literally and/or under the doctrine of equivalents, an explanation of why each such element is not found within the Accused Product, and a description of how Terumo and Terumo Medical's construction of each claim term supports your contention that each such claim limitation has not been infringed.

(*See* Exhibit B, Braun Interrogatory No. 2).

Further, Braun has already twice supplemented its infringement contentions, including by providing detailed explanations and labeling dozens of photographs for each and every asserted claim and claim limitation in sixty pages of supplemental infringement contentions. Braun provided detailed infringement contentions on September 8th and provided additional detailed supplemental infringement contentions with labeled images on October 15th. (*See* Exhibit C).

Now, more than two months after receiving Braun's detailed infringement contentions, and more than a month after receiving Braun's further supplemented infringement contentions with sixty pages of detailed-labeled pictures, the Defendants have refused to provide even their *initial* non-infringement positions. (*See* Exhibit D, 11/5/09 letter from M. Pearson to S. Cotton at p.2; Exhibit E, 10/23/09 letter from M. Pearson to S. Cotton at p. 2).

Significantly, Defendants have presently identified four (4) terms to be construed out of thirty-one (31) asserted claims. To the extent that Defendants disagree with Braun's detailed infringement contentions, they should inform Braun *now*, sufficiently in advance of opening claim construction briefing to allow the parties to address any other terms that may need to be construed.

As requested by Braun's interrogatory, Defendants should be ordered to provide their non-infringement positions immediately, in a claim chart, on an element-by-element basis, with photographs, just as Braun did for its infringement positions. For each element and structure of each contention in Braun's October 15th infringement contentions, Defendants should indicate whether they agree or disagree, and if Defendants disagree, they should specify their disagreement for any element and accused structure.

**B.** **Defendants Should Otherwise Supplement Their Contention Interrogatory Responses Prior to December 30th**

More than four months ago, Braun served Defendants with multiple interrogatories, including interrogatories seeking Defendants' contentions regarding several

2

issues, including Defendants' prosecution history estoppel defense, the field of art, and the level of ordinary skill in the art.

However, as discussed above, Defendants are now taking the position that they do not need to provide even *initial* responses to any contention interrogatories until December 30th, the deadline for *completion* of interrogatories. (*See* Exhibit D, 11/5/09 letter from M. Pearson to S. Cotton at pp. 3-4). Defendants' position is inconsistent with the Scheduling Order, the parties' previous representations to the Court, and the Court's own understanding of the December 30th deadline.

As set forth in the Scheduling Order, the December 30th deadline is for the parties to "complete responses to contention interrogatories." (See Exhibit F, 10/9/09 Scheduling Order at p.2). This understanding is consistent with the parties' letters to the Court in advance of finalizing the Scheduling Order. (See Exhibit G, 9/21/09 letter to the Court from M. Sharp at p.1 (seeking "dates for completion of contention interrogatory responses"); Exhibit H, 9/1/09 letter from G. Corbett to S. Cotton at p.1 (discussing the deadline for "completing responses to contention interrogatories")).

Indeed, this Court recognized at the September 24th telephonic hearing that the December 30th deadline was the "*cut-off* now for responses to contention interrogatories." (See Exhibit A at 45:17) (emphasis added).

Braun has already supplemented its responses to several of Defendants' contention interrogatories, and will continue to do so as discovery proceeds in advance of the December 30th cut-off deadline for the completion of responses to contention interrogatories.

December 30th is not, as Defendants suggest, the date by which Defendants would provide their first responses to all contention interrogatories. Rather, it is the deadline for "completion" of such responses. Defendants should not be allowed to further delay providing responses by waiting until the last day to provide even their initial responses to contention interrogatories.

Accordingly, Plaintiffs respectfully requests the Court's assistance in resolving these issues.

Respectfully,

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)

Enclosures
cc: Clerk of the Court (Hand Delivery)
     Douglass E. McCann, Esquire (by e-mail)
     Mathias W. Samuel, Esquire (by e-mail)
     Sara Cotton, Esquire (by e-mail)