IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| B. Braun Melsungen AG, et al., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 09-347-JJF-LPS |
| Terumo Medical Corporation, et al., | : | |
| Defendants. | : | |

## ORDER

Pending before the Court are several discovery disputes presented by both parties to this patent infringement action. Having considered the arguments presented in the parties' letters (D.I. 56, D.I. 57, D.I. 58, D.I. 59), for the reasons set forth below, Plaintiffs B. Braun Melsungen AG & B. Braun Medical Inc.'s ("Braun") requested relief will be GRANTED IN PART AND DENIED IN PART and Defendants' Terumo Medical Corporation and Terumo Corporation's ("Terumo") requested relief will be DENIED.

Braun's Request That Terumo Provide Non-Infringement Contentions Immediately

Braun asks the Court to order Terumo to provide its initial responses to Braun's infringement contentions "immediately." Braun served its interrogatories on July 15, 2009. (D.I. 56 Ex. B) Terumo asserts that the Scheduling Order (D.I. 41) provides that it need not respond to interrogatories before December 30, 2009.

IT IS HEREBY ORDERED THAT Braun's request is GRANTED. Terumo shall provide its initial response to Braun's Interrogatory No. 2 **no later than November 30, 2009**.

The Scheduling Order provides: "The parties will otherwise <u>complete</u> responses to contention interrogatories (subject to Rule 26(e) supplementation) by December 30, 2009." (D.I. 41 ¶ 4.1 (emphasis added)) Nothing about this provision alters the default requirement of Federal Rule of Civil Procedure 33(b)(2) that make responses to interrogatories due 30 days after service. The parties' agreement with respect to the timing of completion of Braun's infringement contentions and completion of Terumo's invalidity contentions does not constitute an agreement about the timing of providing initial responses to other contention interrogatories.

Terumo cites no support for its assertion that "[i]t was agreed by both parties that all other contentions [other than Braun's infringement contentions and Terumo's invalidity contentions] would be due on the deadline set by the Court – December 30th." (D.I. 58 at 2) Nor is there any provision of the Scheduling Order that embodies such a purported agreement. Again, December 30 is the deadline for <u>completion</u> of responses to interrogatories, not a deadline for initial responses.

<u>Braun's Request That Terumo Supplement Other Contentions Prior To December 30th</u>

Braun asks that the Court also order Terumo to supplement its responses to "multiple [additional] interrogatories." However, as Terumo points out, "Braun fails to identify the specific interrogatory or interrogatories for which Braun seeks relief." (D.I. 58 at 2)

Accordingly, IT IS HEREBY ORDERED THAT Braun's request is DENIED.

Terumo's Request That Braun Supplement Its Infringement Contentions

Terumo asks the Court to compel Braun to provide supplemental infringement contentions. Specifically, Terumo seeks an order that Braun identify "the points of origin and ending of each claimed arm" in the accused device.

Braun responds by explaining that it has already twice supplemented its infringement contentions, including by providing over 60 pages of detailed explanations and labeling dozens of color photographs for every asserted claim and claim limitation. Braun further notes that Terumo's complaints about the sufficiency of Braun's contentions rely on Terumo's proposed claim constructions, which are disputed by Braun and have not yet been addressed by the Court. The Court is persuaded by Braun's arguments.

Accordingly, IT IS HEREBY ORDERED THAT Terumo's request is DENIED.


Terumo's Request Relating To Discovery Concerning Conception And Reduction To Practice

Terumo has served an interrogatory and document requests relating to Braun's conception and reduction to practice of the claims of the patent-in-suit. Braun responds that it has not formed such contentions to date because Terumo's invalidity contentions do not rely on any prior art that requires Braun to form such contentions. Furthermore, Braun represents that it is collecting documents responsive to the requests for production and will produce them on a rolling basis.

Accordingly, IT IS HEREBY ORDERED THAT Terumo's request is DENIED.

Terumo's Premature Requests

Terumo seeks an order compelling Braun to identify all of its products that practice the claimed invention and to confirm that it has produced all prior art. Braun replies that Terumo never discussed these issues with Braun in any meet-and-confer prior to bringing the disputes to the Court.

Nothing in the record demonstrates that Terumo discussed these issues with Braun prior to filing a letter with the Court. Furthermore, Braun represents that it will timely supplement its responses to the extent it has formed contentions about which claims cover its own products and is not withholding any prior art of which it is aware.

Accordingly, IT IS HEREBY ORDERED THAT Terumo's request is DENIED.

IT IS HEREBY FURTHER ORDERED THAT, the Court having resolved the disputes the parties intended to present at the teleconference scheduled for this same date, **today's teleconference is CANCELLED**.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

Dated: November 18, 2009

_____
UNITED STATES MAGISTRATE JUDGE