# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MELANIE K. SHARP
DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

February 24, 2010

**BY CM/ECF AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

        Re:   *B. Braun Melsungen AG & B. Braun Medical Inc.*
              C.A. No.: 09-347-JJF-LPS

Dear Judge Stark:

Plaintiffs submit this letter to respectfully seek this Court's guidance regarding whether the Court intends to permit expert testimony and/or opinion regarding patent law, practice, procedure, and/or policy. Should this Court not intend to permit such testimony, Plaintiffs seek an Order from this Court prohibiting Defendants from disclosing Plaintiffs' confidential information to such a witness.

Defendants recently stated their intention to disclose Plaintiffs' confidential information to their hired consultant Mr. Nicholas Godici, a former Commissioner of Patents, and currently an "Executive Advisor" to the law firm Birch, Stewart, Kolasch & Birch, LLP. Mr. Godici has previously been retained as an expert in patent law, practice, and procedure and on issues relating to allegations of inequitable conduct.[1]

Plaintiffs understand that this Court (like most others) generally does not permit expert testimony or opinions regarding substantive issues of patent law, or patent practice and procedure. *See, e.g., Boehringer Ingelheim Int'l GmbH v. Barr Laboratories, Inc.*, C.A. No. 07-500 (JJF) (D. Del. Feb. 7, 2008) (precluding expert testimony on PTO procedures); *PHT Corp. v. Invivodata, Inc.*, C.A. No. 04-060 (GMS) (D. Del. Mar. 17, 2006) (proffered expert witness on inequitable conduct not allowed to testify regarding PTO practice and procedure); *MKS Instruments Inc. v. Advanced Energy Industries*, C.A. No. 03-469 (JJF) (D. Del. July 16, 2004) ("In this district, expert testimony on U.S. Patent and Trademark procedures and patent law are excluded."); *see also* Judge Sue L. Robinson, Guidelines: Legal Testimony in Patent Cases ("expert testimony

---

[1] Promotional materials relating to Mr. Godici describe him as "an expert witness on United States Patent and Trademark Office (USPTO) practices and procedures." (*See* Agenda, available at toledopatentlaw.files.wordpress.com/2009/06 /agenda_quad_city_2009.pdf, last accessed February 23, 2010).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Leonard P. Stark
February 24, 2010
Page 2

from attorneys regarding patent practice and procedure is not required and will not be permitted").

Because this Court generally does not permit such expert testimony and/or opinion, and there is nothing unusual about this case that would support departing from established authority that precludes such testimony, to prevent their confidential information from being disclosed to a person who will be unable to testify, Plaintiffs have objected to Mr. Godici pursuant to the Protective Order in this case. In response, Defendants explained that they are not obligated to reveal their intended use of Mr. Godici.

Plaintiffs have offered to withdraw their objection to Mr. Godici under the Protective Order if Defendants would confirm that Mr. Godici does not intend to testify and/or offer any opinion regarding patent law, practice, or procedure. Defendants rejected that offer, however, and have refused to admit or deny whether they intend to offer Mr. Godici's expert testimony on patent law, practice, or procedure. Instead, Defendants maintain that Plaintiffs should wait and see Mr. Godici's expert opinions and object in a motion *in limine*.

But expert reports are due next month, and the issue is ripe now. Plaintiffs should not be forced to wait and see and unnecessarily conduct discovery (and involve a rebuttal expert) on issues that this Court does not intend to permit. There is no reason Defendants cannot and should not state their intention now.

Accordingly, Plaintiffs seek Your Honor's guidance on this matter to avoid disclosure of its confidential information unnecessarily where such disclosure would ultimately be futile. Additionally, Plaintiffs seek Your Honor's guidance in an attempt to avoid the unnecessary time and expense associated with securing a rebuttal expert, having that expert review the materials in this case out of an abundance of caution, and conducting discovery on topics that experienced counsel can and should reasonably anticipate in the circumstances of this case will never be heard.

Respectfully,

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)

MKS:mg

cc: Clerk of the Court (by Hand Delivery)
    Douglas McCann, Esquire (by e-mail)