# FISH & RICHARDSON P.C.

17TH FLOOR
222 DELAWARE AVENUE
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Douglas E. McCann
302 778-8437

Email
DMcCann@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**BY CM/ECF AND BY HAND**

February 25, 2010

Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware  19801



ATLANTA

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC

Re:  *B. Braun Melsungen AG et al. v. Terumo Mrdical Corporation et al.,*
     Civil Action No. 09-347-JJF-LPS

Dear Magistrate Judge Stark:

We write on behalf of Defendants ("Terumo") in this action in response to Plaintiffs' ("Braun") letter of February 24, 2010 regarding Braun's objection to the disclosure of confidential information to Nicholas Godici. Braun is improperly using the Court's typical approach regarding testimony on patent office practice and procedure as a basis for interfering with the preparation of Terumo's case and frustrating the ability to even consult with its expert regarding this matter. Because Braun has failed to show "good cause" for its objection, the application should be denied.

Nicholas Godici is a mechanical engineer, and a former Commissioner for Patents at the U.S. Patent and Trademark Office ("PTO"). Terumo retained him as a consultant in this case. In connection with that engagement, Terumo wishes to discuss with Mr. Godici certain legal theories and evidence that concerns those theories. As a result of those discussions, Terumo may or may not ask Mr. Godici to render opinions on issues relevant to the case. Some of the evidence is information produced by Braun and designated as confidential under the protective order. (D.I. 67).   Prior to sharing confidential information with Mr. Godici, Terumo made the requisite disclosure of the Godici engagement to Braun as required by the protective order. (*Id*. at ¶ 6).

Braun has objected to the disclosure of its confidential material to Mr. Godici. (D.I. 135). Under the protective order, Braun must show "good cause" for their objection to be sustained. (*Id*. at ¶ 6(d)).

The basis of Braun's objection is that "Mr. Godici has previously been retained as an expert in patent law, practice, and procedure and on issues relating to allegations of inequitable conduct." (D.I. 135 at 1). Braun states that "this Court . . . generally does not permit expert testimony or opinions [in these areas]." (*Id*.) Braun further contends that there is "nothing unusual about this case" that would support a departure from this general practice, and thus, Braun predicts, Mr. Godici "will be

FISH & RICHARDSON P.C.

Honorable Leonard P. Stark
February 25, 2010
Page 2

unable to testify." (*Id.* at 2). The relief Braun requests is "guidance on this matter" to avoid disclosure in circumstances Braun again predicts "would ultimately be futile." (*Id.*)

Braun has failed to show good cause to prevent the disclosure of confidential information to Mr. Godici. To begin with, there is no allegation that Mr. Godici is a competitor, or that he has had previous access to Braun's confidential material, that he has a conflict of interest, or that he in some way would not "preserve the confidential or proprietary status of [designated material]. (D.I. 67 at 1). Instead, the basis of the objection is Braun's hypothesis that Mr. Godici will offer an opinion that they forecast will be excluded from evidence.

Next, regardless of the issues for which Terumo is retaining Mr. Godici's assistance, Terumo should still be afforded the opportunity to consult with its expert to develop the arguments it might make through counsel or other means. The Federal Rules of Civil Procedure expressly contemplate the use of non-testifying consultants. Fed. R. Civ. P. 26(b)(4)(B).

Finally, Braun has said that it will withdraw the objection as long as Terumo will confirm that Terumo will not offer an opinion Braun considers (sight unseen) per se inadmissible. As Braun notes, Terumo has declined to make such a representation. First, the reason that Terumo wishes to consult with Mr. Godici, or what opinions it might ask of him, is Terumo's protected work product. Second, Terumo should not be required by Braun to limit itself in advance to what form Mr. Godici's opinions (if any) take. Indeed, were Terumo to make the requested representation, and then were to ask Mr. Godici to offer an opinion on validity that somehow included reference to the prosecution of the patent, it would run the risk of being accused of going back on its promise—a promise that Braun has no right to extract.

The proper course here is to follow the procedure set forth in the protective order and scheduling order in this case, and the Federal Rules of Civil Procedure and Evidence. The parties' counsel are familiar with the Court's typical approach regarding so-called patent law experts. Nonetheless, should Mr. Godici provide an expert opinion that Braun finds objectionable, it will have ample opportunity to seek relief from the Court through an appropriate procedural vehicle such as a motion in limine. Unless and until that day comes, Terumo should be permitted to consult with retained experts using Braun's confidential material as permitted by the protective order.

///

FISH & RICHARDSON P.C.

Honorable Leonard P. Stark
February 25, 2010
Page 3

For the foregoing reasons, Terumo respectfully asks the Court to deny Braun's application.

Respectfully submitted,

Douglas E. McCann

cc:     Dr. Peter T. Dalleo, Clerk, U.S. District Court (By Hand)
        Melanie K. Sharp, Esquire (By CM/ECF)