IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| B. Braun Melsungen AG, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 09-347-JJF-LPS |
| | : | |
| Terumo Medical Corporation, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiffs, B. Braun Melsungen AG & B. Braun Medical Inc. ("Braun"), "seek this

Court's guidance regarding whether the Court intends to permit expert testimony and/or opinion

regarding patent law, practice, procedure, and/or policy." (D.I. 135) Braun asserts that this

question is presented due to a request by Defendants, Terumo Medical Corporation and Terumo

Corporation ("Terumo"), pursuant to the protective order governing this case (D.I. 67), to share

Braun's confidential information with an expert consultant, Nicholas Godici. According to

Braun, Mr. Godici "has previously been retained as an expert in patent law, practice, and

procedure and on issues relating to allegations of inequitable conduct." (D.I. 135) Terumo

argues in response that Braun must – but cannot– show good cause for objecting to Terumo's

disclosure of Braun's confidential information to Mr. Godici. (D.I. 136) Terumo refuses at this

time to reveal the subjects, if any, on which it may offer Mr. Godici's expert opinion, although

Terumo acknowledges that it is "familiar with the Court's typical approach" of precluding

testimony from "so-called patent law experts" on substantive issues of patent law, practice, or

procedure. (D.I. 136)

IT IS HEREBY ORDERED THAT Braun's objection to Terumo's request to share Braun's confidential information with Mr. Godici, pursuant to the terms of the protective order, is **OVERRULED**.  Braun has failed to establish the necessary "good cause" for its objection. Braun's belief that Terumo will seek to offer Mr. Godici as an expert on matters that the Court will ultimately rule are not the proper subject of expert testimony is speculation on two levels. Consistent with the schedule in this case, Terumo has not yet identified its testifying experts or the subject of their proposed testimony; nor does the Court have before it a motion to strike any proposed testimony or a motion *in limine* to exclude such testimony.[1]  There is no basis for the Court to make any further ruling at this point.

IT IS HEREBY FURTHER ORDERED THAT, the Court having resolved the dispute the parties intended to present during a scheduled teleconference, **the teleconference scheduled for February 26, 2010 is CANCELLED**.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order.  To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

Dated: February 25, 2010

Hon. Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE

---

[1]Braun cites to cases in which judges of this Court have apparently precluded such expert testimony.  Braun further cites to guidelines issued by one of the judges of this Court to the same effect.  It appears that Braun is referring to transcript rulings or unpublished orders or information that may be available on the internet.  Counsel are advised that when citing to such materials they should provide a copy to the Court so that it may review such materials for itself.

2